UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOUGLAS QUANDER,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA, *et al.*,

    *Defendant*.

Civil Action No. 22-cv-2539 (CJN)

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, ECF No. 18, it is

**ORDERED** that the Defendant's Motion, ECF No. 5, is **GRANTED**; it is further

**ORDERED** that the Defendant's Motion, ECF No. 10, is **GRANTED**; it is further

**ORDERED** that Plaintiff's complaint is dismissed.

The Clerk of Court is directed to terminate this case.

This is a final, appealable order.

DATE: September 29, 2023

CARL J. NICHOLS
United States District Judge

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOUGLAS QUANDER,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA, *et al*.,

    *Defendant*.

Civil Action No. 22-cv-2539 (CJN)

## MEMORANDUM OPINION

Plaintiff Douglas Quander alleges that, while he was detained at the District of Columbia jail, Defendants violated his Fourth, Eighth, and Fourteenth Amendment rights when they failed to handcuff him prior to restraining him for disorderly conduct. *See* ECF No. 1at 3. He seeks relief under 42 U.S.C. § 1983. Defendants move to dismiss on various grounds. *See* ECF Nos. 5, 10. For the reasons detailed below, the Court agrees and grants Defendants' motions.

### BACKGROUND

Quander was a pretrial detainee charged with various drug crimes in the Southern District of Maryland and ordered detained pending trial. *See* Judgment, *United States v. Quander*, No. 18-cr-334-GJH-1 (S.D. Md. Mar. 23, 2021), ECF No. 111. For reasons that his complaint does not make clear, Quander was administratively segregated from other inmates at some point during his pretrial detention. According to the complaint, on August 24, 2019, certain unknown corrections officers, led by Defendant Andre Taylor, became aware that Quander "was smoking in the cell." ECF No. 1, at 2. Quander alleges that the officers pepper sprayed into his cell before entering it. *Id* at 2-3. Quander apparently acknowledges that he "swung on four officers," as a result of which

1

he was restrained with "his head being smashed … into a toilet." *Id* at 3.  He allegedly suffered substantial injuries from this restraint and other acts.

Plaintiff alleges that the District of Columbia, Corporal Andre Taylor, those unknown officers, and Thomas Faust (Director of the District of Columbia Department of Corrections) violated his constitutional rights, primarily by failing to handcuff him before entering his cell (an alleged policy and practice of the Jail that he claims is unconstitutional).   ECF No. 1, at 5.  Defendants move to dismiss under Rule 12(b)(6) on various grounds.  *See* ECF No. 5, 10.

### LEGAL STANDARDS

When considering a motion to dismiss under Rule 12(b)(6), courts must assess whether a complaint sufficiently alleges facts, accepted as true, to state a plausible claim for relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint that merely asserts "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Federal law supplies a private right of action for violations of constitutional or statutory rights by persons acting under color of law.  *See* 42 U.S.C. § 1983.  To state a claim under section 1983, a plaintiff must sufficiently plead that he was (1) deprived of a federally secured right by (2) persons acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  In the context of civil suits against a prison or jail, inmates must satisfy additional conditions before filing a section 1983 action.  First, federal law requires inmates to exhaust all administrative remedies. *See* Prison Litigation Reform Act, 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("The PLRA's exhaustion requirement applies to all inmate suits about prison life,

whether they involve general circumstances or particular episodes."). Plaintiff asserts, and defendants do not refute, that he has administratively exhausted his claims with the D.C. Department of Corrections. *See* ECF No. 1, at 4.

Second, prisons and related government officials can put forward qualified immunity as an affirmative defense. *See Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). Courts may consider qualified immunity at the pleading stage because it is "an immunity from suit rather than a mere defense to liability." *Id* quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). A defendant is entitled to qualified immunity if (1) the facts alleged by plaintiff do not demonstrate the violation of a constitutional right or (2) the alleged constitutional right violated was not clearly established at the time of the defendant's alleged violation. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999).

## ANALYSIS

Starting with his Eighth Amendment claims, Quander was a pretrial detainee at the time of the events here. The Eighth Amendment's prohibition against cruel and unusual punishment, however, only applies to inmates found guilty in a court of law. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("The Court of Appeals properly relied on the Due Process Clause rather than the Eighth Amendment in considering the claims of pretrial detainees."); *see also Brogsdale v. Barry*, 926 F.2d 1184, 1187 (D.C. Cir. 1991). As for Quander's Fourteenth Amendment claims, that Amendment does not apply to the federal government or the District of Columbia. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).[1] As to each Defendant, therefore, Quander has failed to state either Eighth or Fourteenth Amendment claims.

---

[1] The Fifth Amendment does apply to the District, but Quander's complaint does not include a Fifth Amendment claim.

3

As for Quander's Fourth Amendment claim, its gravamen is that he was unlawfully seized when officers used "excessive force" against him.  *See* ECF No. 1, at 3.  The Fourth Amendment does apply to these Defendants and prohibits them from committing unreasonable searches and seizures.  In the context of a prison, the reasonableness of a seizure is determined by "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted," *Wolfish*, 441 U.S. at 559, keeping in mind that a "detention facility is a unique place fraught with serious danger." *Id*.  Quander appears to contend that the alleged seizure here was unreasonable because corrections officers failed to adhere to a "national standard of care" by handcuffing him before entering his cell. *Id*.  He claims instead that officers "sprayed pepper spray from outside the cell" before entering it, *id* at 2-3; and then after he "swung on" four of the officers, they restrained him with his "head being smashed according to two witnesses into a toilet." *Id* at 3.

With respect to the District, "municipalities are liable for their agents' constitutional torts only if the agents acted pursuant to municipal policy or custom." *Warren v. District of Columbia,* 353 F.3d 36, 38 (D.C. Cir. 2004) (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978)).  But Quander has not plausibly alleged that the District has an official policy of not handcuffing disruptive inmates before engaging them.  Read in the light most favorable to Quander, his complaint merely avers that the corrections officers did not handcuff him in his particular case.  Quander has failed to allege that policymakers in the District of Columbia were the "moving force" behind his alleged constitutional violations, that they knowingly ignored some practice related to handcuffing disruptive inmates, or that they were deliberately indifferent to a risk of continuing constitutional violations. *See Jones v. Horne*, 634

F.3d 588, 600-601 (D.C. Cir. 2011).  Plaintiff's Fourth Amendment claim against the District of Columbia is therefore dismissed.

As for Quander's Fourth Amendment claim against Corporal Taylor and the unknown corrections officers, those officers are entitled to qualified immunity.  As an initial matter, drawing every reasonable inference in his favor, Quander's complaint likely fails to allege the violation of a constitutional right.  After all, a reasonable officer could infer from smoke coming out of solitary confinement that an inmate has access to other illicit and dangerous materials.  And Plaintiff's complaint admits that he "swung on four officers," ECF No. 1, at 3 – an attack to which officers may respond with a limited and targeted degree of force.  The Fourth Amendment is not violated by "every push or shove."  *Rudder v. Williams*, 666 F.3d 790, 795 (D.C. Cir. 2012).

But even if Quander had alleged a constitutional violation, he has not established that it is clearly established that the Fourth Amendment requires a prisoner to be handcuffed in the circumstances presented here.  *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) ("A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right.").  Plaintiff's complaint and briefs fail entirely to point to (and the Court is not aware of) any court cases, legislation, or prison policy clearly requiring inmates to be handcuffed before officers enter their cells.  Indeed, such a categorical rule would interfere with the necessary professional judgment that corrections officers need to exercise to fulfill their permissible, nonpunitive interest in "[e]nsuring security and order." *See Wolfish*, 441 U.S. at 561; *see also Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985) (noting that jails and prisons have "legitimate institutional needs of assuring the safety of inmates and prisoners").

Lastly, the Court has considered Plaintiff's remaining claims and conclude that they do not state a plausible claim for relief. In particular, Plaintiff's claims against Director Faust, Corporal Taylor, and the unidentified corrections officers in their official capacities are duplicative of his claims against the District of Columbia and are accordingly dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff's respondeat superior theory against the District also lacks merit. *See Monell*, 436 U.S. at 692 ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

## CONCLUSION

For the forgoing reasons, the Court **GRANTS** Defendants' Motions, ECF No. 5, 10, and **DISMISSES** Plaintiff's complaint, ECF No. 1. An Order will issue contemporaneously with this Opinion.

DATE: September 29, 2023

_____
CARL J. NICHOLS
United States District Judge